# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

CARLTON DOUGLAS SAUNDERS, )
)
       Petitioner, )
)
vs. ) Case No. 14-CV-141-TCK-TLW
)
MIKE ADDISON, Warden, )
)
       Respondent. )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus for failure to exhaust claims (Dkt. # 5). Respondent also filed a brief in support of the motion to dismiss (Dkt. # 6). In response to the motion to dismiss, Petitioner, a state inmate appearing pro se, filed a "motion to stay habeas corpus filing pending exhaustion of state remedys [sic]" (Dkt. # 7). For the reasons discussed below, the Court finds that Petitioner failed to exhaust state remedies for all claims before commencing this federal habeas action. As a result, Respondent's motion to dismiss shall be granted and the petition shall be dismissed without prejudice. Petitioner's motion to stay shall be denied.

### *BACKGROUND*

On September 16, 2011, Petitioner Carlton Douglas Saunders entered a blind plea of guilty to First Degree Robbery in Washington County District Court, Case No. CF-2011-76. See Dkt. # 6-1. The district judge accepted the plea and scheduled sentencing for November 16, 2011. Id. On November 16, 2011, Petitioner was sentenced to life imprisonment. (Dkt. # 6-3). During plea proceedings, Petitioner was represented by attorney Jim Conatser. On November 22, 2011, Petitioner filed a pro se motion to withdraw his guilty plea. (Dkt. # 6-4). The district court

appointed attorney Mark Kane to represent Petitioner and Mr. Kane filed a supplemental motion to withdraw guilty plea. (Dkt. # 6-5). The court held a hearing on the motion to withdraw guilty plea and supplemental motion to withdraw guilty plea and, by order filed December 21, 2011 (Dkt. # 6-6), the district judge denied the motions, but modified Petitioner's sentence to thirty (30) years, with twenty-four (24) years in custody and six (6) years suspended. The district court entered an amended judgment and sentence reflecting the modified sentence (Dkt. # 6-7).

Petitioner commenced a certiorari appeal of his convictions to the OCCA. Represented by attorney Matthew D. Haire, Petitioner raised three propositions of error, as follows:

> Proposition 1: Petitioner's request to withdraw his plea should have been granted because his plea was involuntary as a matter of law, and because it was the product of ineffective assistance of counsel.
>
> Proposition 2: Petitioner's sentence is excessive under the particular facts of this case.
>
> Proposition 3: Cumulative error requires reversal of Appellant's convictions and sentences.

(Dkt. # 6-8). On January 24, 2013, in Case No. C-2011-1128, the OCCA denied the petition for writ of certiorari and affirmed the amended judgment and sentence. (Dkt. # 6-9). Nothing in the record suggests that Petitioner filed a petition for writ of certiorari at the United States Supreme Court.

On October 25, 2013, Petitioner filed an application for post-conviction relief (Dkt. # 6-10). In his application, Petitioner raises one (1) claim: ineffective assistance of appellate counsel. As of today's date, the application for post-conviction relief remains pending in Washington County District Court. See Docket Sheet for Case No. CF-2011-76, viewed at www.odcr.com.

On March 24, 2014, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies four (4) grounds of error, as follows:

> Ground 1: Petitioner's request to withdraw blind plea should have been granted because his blind plea was involuntary as a matter of law, and because it was [the]

2

> product of ineffective assistance of counsel. U.S.C.A. Const. Amends. 6, 14. 28 U.S.C.A. § 2254(d)(1).

Ground 2: Petitioner's sentence is excessive under [the] particular facts of this case. U.S.C.A. Const. Amends. 8, 14.

Ground 3: Cumulative error requires reversal of Petitioner's convictions and sentences. U.S.C.A. Const. Amends. 14, 6.

Ground 4: Ineffective assistance of appellate counsel. U.S.C.A. Const. Amends. 6, 14.

See Dkt. # 1. Petitioner states that grounds 1-3 were raised on certiorari appeal, but acknowledges that ground 4 was first raised in his application for post-conviction relief presently pending in Washington County District Court. Id. Respondent argues that petition should be dismissed for failure to exhaust state remedies. See Dkt. # 5.

## *ANALYSIS*

In the habeas corpus context, the United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is based on the doctrine of comity. Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).

In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam)); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement

dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

After a review of the petition and the state record provided by Respondent, the Court finds this is a "mixed petition" containing three (3) exhausted claims and one (1) unexhausted claim. Petitioner commenced this federal habeas action while his application for post-conviction relief, raising his ground 4 claim, remains pending in the state district court. The ground 4 claim will not be exhausted until a post-conviction appeal to the OCCA is concluded. Thus, Petitioner's ground 4 claim is unexhausted and no exception to the exhaustion doctrine is applicable. For that reason, the petition is subject to being dismissed without prejudice as a "mixed petition."

In response to the motion to dismiss, Petitioner filed a motion to stay (Dkt. # 7). In his motion, Petitioner expresses concern that his habeas claims would be time-barred under 28 U.S.C. § 2244(d) if his petition is dismissed. Id. at 2. The enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of Lundy, but at the same time imposing a one-year statute of limitations on the filing of federal petitions. Rhines v. Weber, 544 U.S. 269, 274 (2005). "As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the

4

risk of forever losing their opportunity for any federal review of their unexhausted claims." Id. at 275.

In this case, Petitioner filed his petition for writ of habeas corpus prior to expiration of the one-year limitations period. In fact, the one-year limitations period has not yet expired because the one-year period is currently tolled, or suspended, due to the pendency of the application for post-conviction relief. 28 U.S.C. § 2244(d)(2). As noted by Respondent, see Dkt. # 6 at 6, Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on April 24, 2013, or 90 days after the OCCA denied his certiorari appeal on January 24, 2013, when the period for seeking certiorari review in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, in the absence of statutory or equitable tolling, Petitioner's one year limitations period began to run on April 25, 2013, and his deadline for filing a timely petition for writ of habeas corpus was April 25, 2014. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011).

However, the one-year period is presently tolled under 28 U.S.C. § 2244(d)(2). The limitations clock stopped running on October 25, 2013, or 182 days before the deadline of April 25, 2014, when Petitioner filed his application for post-conviction relief in Washington County District Court, Case No. CF-2011-76. The clock will not resume running until properly filed post-conviction proceedings are concluded. 28 U.S.C. § 2244(d)(2). In other words, if the state district court denies the application for post-conviction relief and if Petitioner perfects a post-conviction appeal in compliance with state law, the one-year period will not resume running until the OCCA enters a ruling concluding the post-conviction appeal. At that point, in order to obtain federal habeas corpus

review of his claims, Petitioner will be obligated to file a new habeas corpus petition containing only exhausted claims within 182 days, the time remaining in the one-year period. Thus, upon dismissal of the instant petition, Petitioner has sufficient time remaining in his one-year limitations period to return to federal court after exhausting state remedies.

The Court has discretion to issue a stay in this matter while Petitioner's application for post-conviction relief remains pending. Rhines, 544 U.S. at 276. However, the Court finds that course of action is unwarranted in this case. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. As discussed above, if Petitioner acts promptly, he has sufficient time remaining in his one-year limitations period to file a new petition after the state courts conclude post-conviction review. For that reason, the Court declines to stay this action and Petitioner's motion to stay shall be denied.

In summary, the claim raised in ground 4 of this petition is unexhausted. For that reason, the petition is a "mixed petition" and shall be dismissed without prejudice. Because the one-year limitations period is currently tolled or suspended due to the pendency of Petitioner's application for post-conviction relief in Washington County District Court, it is unnecessary to stay this action and Petitioner's motion to stay shall be denied. Should Petitioner fail to obtain relief from the OCCA at the conclusion of his post-conviction appeal, he may promptly, within 182 days of the entry of the OCCA's opinion, file a new federal petition for writ of habeas corpus in this Court raising any claim he has fairly presented to the OCCA.

## *CERTIFICATE OF APPEALABILITY*

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. For that reason, a certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus for failure to exhaust claims (Dkt. # 5) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for failure to exhaust state remedies.

3. Petitioner's motion to stay (Dkt. # 7) is **denied**.

4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

**DATED** this 22nd day of October, 2014.

*Terence Kern*
**TERENCE KERN**
**United States District Judge**